UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 04-10164-DPW |
| ) | |
| SHON ROWELL ) | |

EMERGENCY MOTION TO ORDER PRODUCTION OF PSYCHIATRIC
AND SUBSTANCE ABUSE PROVIDER INFORMATION OR, IN THE ALTERNATIVE,
<u>TO EXCLUDE WITNESS TESTIMONY</u>

Defendant, Shon Rowell, respectfully moves this Court to order that government witnesses Jacqueline Santiago, d/o/b 3/3/65, and Willunda Jones, a/k/a Willunda Jones, a/k/a Gwendolyn Leatherwood, d/o/b 12/26/72, and Terrence Phillips, d/o/b 4/19/68, disclose the names and addresses of their psychological, psychiatric, and substance abuse treatment providers to counsel for the defendant so that defendant may obtain records of that treatment for <u>in</u> <u>camera</u> review.  As reasons therefore, defendant states the following:

    1.  Each of these civilian witnesses has been identified as a government witness at trial.  Each is expected to testify concerning defendant's possession of the firearm at issue in the one-count indictment.  Credibility will be a major issue with all three witnesses at trial.

    2.  Each of the witnesses has testified under oath and/or admitted in interviews to psychological and/or substance abuse

addiction at present and at the time of the incident giving rise to the indictment.  Specifically:

a. **Jacqueline Santiago:** During the evidentiary hearing on defendant's Motion to Suppress, Santiago revealed that she was treated at the time (and continues to be treated) for psychiatric disorders for which she was taking medications.  She also admitted to a history of substance abuse that was active at the time of the incident at issue.

b. **Willunda Jones:**  Jones has first admitted to current psychiatric treatment when, on May 19, 2004, she testified before the grand jury in this matter and told them "I'm on medication."  A week later, in an interview with ATF agents, she denied drug use but admitted that "she may have a problem with alcohol."  (In her own statement to ATF agents, Santiago contradicted Jones' assertion that she did not do drugs when she revealed that she had both bought and shared crack cocaine with Jones.)  Jones again admitted present and past psychological history when interviewed by the undersigned and an investigator for the Federal Public Defender Office.

C. **Terrence Phillips:** At the Motion to Suppress hearing in the instant matter, Phillips admitted to a long-

      standing substance abuse problem that was active at the time of the incident at issue.

3. The government, as shown above, has known about the existence of Willunda Jones' psychological issues since for over one year. They have also been aware, for that one year period, of Jacqueline Santiago's substance abuse history and, through the inconsistencies between the two witnesses' statements, of the likely existence of Willunda Jones' substance abuse history.[1]

4. On June 27, 2005, soon after the Motion to Suppress hearing (where defendant first learned of the extent of Santiago's and Phillips' psychological and substance abuse histories) and eight (8) weeks before trial, counsel for defendant requested, by letter that the government

> produce names, addresses and records of any psychiatric and/or drug treatment (including legal or illegal use of drugs and excessive use of alcohol) of Terrence Phillips, Jacqueline Santiago, and Willunda Jones.

See Discovery Letter of June 27, 2005, attached hereto as Exhibit A. That letter also requested that the government "ask the three civilian witnesses to cooperate in the collection of treatment details and records so that we may both have them in advance of

---

[1] Despite this inconsistency, as well as an inconsistency between Santiago's account that the incident at 111 Homestead St. was drug related and Jones' repeated denials that it was not, the government did not disclose the grand jury testimony and ATF reports of investigation until July 27, 2005, 26 days before trial.

trial" and to let counsel "know if you anticipate a problem in producing this discovery so that I may try to address" the issue of production in a timely manner.  Id.

5.  By July 28, 2005, over one month after the initial discovery letter and one year after it first learned of Jones' psychiatric history and Santiago's and Jones' substance abuse history, the government had yet to reveal whether the witnesses would cooperate in the production of the records or, alternatively, the names and addresses of providers.  At a Pretrial Conference hearing that day, counsel raised the issue before the Court and the government promised to inquire of the witnesses in a timely manner.  Counsel also raised the issue of production of records prior to trial and requested a date for the production of the records in court.  The Court suggested the use of the Magistrate session to facilitate the production of the records.

6.  On Tuesday, August 9, 2005, counsel for the government informed counsel for defendant that not only had the witnesses indicated that they would not cooperate with the production of records of treatment, each had refused to even provide the government with the names and addresses of the treatment providers.[2]

---

[2] Defendant is aware through investigation and later confirmation by the government that Santiago once served in the

7.  There can be no question but that examination of the witnesses' psychiatric and drug treatment history is indispensable to vindicate defendant's Sixth Amendment right to confront witnesses.  See United States v. Devin, 918 F.2d 280, 287-88 (1st Cir. 1990).  Consequently, the government and the courts have an obligation, upon timely request, to provide a defendant the opportunity to explore such records when relevant to credibility and to use that information at trial.  Id.

8.  As a result, courts have held that full details of psychiatric and drug treatment by a witness are discoverable.  See Pennsylvania v. Ritchie, 480 U.S. 39, 60-61 (1987)(evidence of a witness emotional impairment is discoverable); United States v. Barrett, 766 F.2d 609, 615-16 (1st Cir.) (evidence of psychiatric treatment), cert. denied, 474 U.S. 923 (1985); United States v. Butt, 955 F.2d 77, 82 (1st Cir. 1992) (mental instability); United States v. Collins, 472 F.2d 1017, 1018-19 (5th Cir. 1972)(drug or alcohol addiction or abuse), cert. denied, 411 U.S. 983 (1973); United States v. Fowler, 465 F.2d 664, 665-66 (D.C. Cir. 1972)(same).

---

military for a short time and consequently may have been treated through a Veteran's Administration (VA) facility.  The staff at the Federal Defender Office is seeking to subpoena records from as many local VA facilities as possible in the hope that, through chance, one of the facilities actually treated Santiago.  Defendant will serve the subpoenas as soon as a date is established for pretrial production of the records.  A proposed form of order and subpoena for each provider is attached hereto.

9. Defendant thus requires an immediate hearing at which it would seek permission to subpoena the witnesses to a hearing in advance of trial to compel them to reveal the names and addresses of their psychiatric and substance-abuse treatment providers.

10. Alternatively, defendant moves that the Court exclude the witnesses at trial. Such a sanction is appropriate here given the witnesses' refusal to cooperate and the government's tardy efforts in securing the information in advance of trial.

### REQUEST FOR IMMEDIATE HEARING

Trial in this matter is presently scheduled to begin on August 22, 2005, one week from the filing of this motion. Defendant requests an immediate hearing before the Magistrate Judge so that he may seek permission to subpoena the witnesses to hearing in advance of trial.

```
                              SHON ROWELL,
                              By His Attorney:


                              /s/ Timothy Watkins
                              Timothy Watkins
                               B.B.O. #567992
                              Federal Defender Office
                              408 Atlantic Ave., Third Floor
                              Boston, MA  02110
                              (617) 223-8061
```

August 15, 2005