**FEDERAL DEFENDER OFFICE**
DISTRICT OF MASSACHUSETTS
408 ATLANTIC AVENUE, 3RD FLOOR
BOSTON, MASSACHUSETTS 02110

TELEPHONE: 617-223-8061
(FAX) 617-223-8080

June 25, 2005

Donald Cabell, Esq.
U.S. Attorney's Office
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02110

    **Re:  United States v. Shon Rowell**
           **No. 04-10164-DPW**

Dear Don:

    I write to request additional discovery in anticipation of the August 22, 2005 trial in this matter.

**1.  Statements of Jacqueline Santiago at 25 Wayne St.**

    As you recall, testimony at the motion to suppress hearing established that Ms. Santiago was questioned at the scene for up to one and one-half hours. Both she and other officers testified that she was being questioned throughout all or a substantial part of this time. One officer testified that he believed notes were taken during this time. No written memorialization of the fact of or substance of this interview has been provided to me. While I understand that some or all of this testimony concerning the interview may have been a surprise to both of us, any notes of the interview are obviously discoverable and should have been provided prior to the hearing given that the government called Ms. Santiago to testify. I request that you question each officer at the scene to determine who took notes and what the disposition of those notes was.

**2.  Promises and Rewards to Jacqueline Santiago**

a.   All information regarding all promises or assurances, express or implied, by the government that it gave or will consider giving charge, sentencing or other assistance to Jacqueline Santiago (or to a relative, friend, or associate)

-1-

      facing actual or possible criminal charges or non-criminal sanctions, actual or possible revocation of pretrial release, probation, parole, or supervised release, and all suggestions or recommendations that any state government or any other official agency do so. The information provided should include the nature of the offense, the court (if any) in which the charge is pending and the docket number, and a detailed description of the assistance given;

b.    All other statements made during negotiations, including negotiations by law enforcement at the scene, as to what the agents, Commonwealth or government might or might not do depending upon the Santiago's cooperation;

c.    All requests for payment or promises, rewards and inducements, or favorable treatment of any kind, made by the Santiago, whether or not such requests were agreed to by the government;

d.    All statements known to the government made by Santiago regarding all promises, rewards and inducements, or favorable treatment of any kind, Santiago expects to receive or is trying to obtain, whether or not the government has agreed to any such; and

e.    All information regarding all threats or promises made to Santiago or her family to motivate her cooperation.

**3.**    **Civilian Witness Credibility**

a.    <u>Inconsistent Statements Between Santiago and Jones</u>

    We have discussed my view that Jacqueline Santiago's depiction of the incident at 141 Homestead St. as a drug deal is clearly at odds with Willunda Jones' version of the incident as told to the police and, presumably, to the grand jury.

    In the defendant's view, the magnitude of this inconsistency entitles the defendant to immediate production of <u>all</u> statements made by Jones (as well as by Santiago) to law enforcement. <u>See Kyles v. Whitley</u>, 115 S.Ct. 1555, 1569-71 (1995); <u>United States v. Owens</u>, 933 F. Supp. 76, 87 (D.Mass. 1995); <u>United States v. Pellulo</u>, 14 F.3d 881, 886 (3rd Cir. 1994) ("an IRS memorandum detailing an interview with [a witness] which set forth facts inconsistent with the testimony of [ the witness] ... qualifies as Brady evidence). This is so notwithstanding the Jencks Act. <u>See</u> <u>Owens</u>, 933 F. Supp at 84 (Where a defendant s constitutional due process rights under Brady clash with the procedural dictates

of the Jencks Act, the rights afforded to the defendant must prevail).

You agreed to provide me with the grand jury testimony of Willunda Jones but I have not yet received it. I therefore re-request that you provide that testimony. Furthermore, while I have been provided a statement made by Jones from March 1, 2004, I do not have any subsequent statements made by her. In this regard, I note that Ms. Jones has indicated to Winfred Meadows that she has spoken to Lisa Rudnicki on several occasions, meetings of which I have no memorialization. I therefore request reports of investigation or any other memorialization of these and any other contacts by law enforcement.

b.  Psychiatric and Drug Treatment

I request that you produce names, addresses and records of any psychiatric and/or drug treatment (including legal or illegal use of drugs and excessive use of alcohol) of Terrence Phillips, Jacqueline Santiago, and Willunda Jones. As you know, Phillips and Santiago have already admitted substantial drug use at the time of the events at issue. Although Jones has apparently not yet admitted drug use at the time of the incident, Santiago clearly identified her as drug supplier and user.

Similarly, Santiago revealed that she was treated at the time (and continues to be treated) for psychiatric disorders. Moreover, Willunda Jones has admitted to psychiatric to current and past psychiatric treatment when interviewed by myself and Winfred Meadows.

Full details of psychiatric and drug treatment by a witness are discoverable. See Pennsylvania v. Ritchie, 480 U.S. 39, 60-61 (1987)(evidence of a witness emotional impairment is discoverable); United States v. Barrett, 766 F.2d 609, 615-16 (1st Cir.) (evidence of psychiatric treatment), cert. denied, 474 U.S. 923 (1985); United States v. Butt, 955 F.2d 77, 82 (1st Cir. 1992) (mental instability); United States v. Collins, 472 F.2d 1017, 1018-19 (5th Cir. 1972)(drug or alcohol addiction or abuse), cert. denied, 411 U.S. 983 (1973); United States v. Fowler, 465 F.2d 664, 665-66 (D.C. Cir. 1972)(same).

Recognizing that time is short before trial, I would request that you ask the three civilian witnesses to cooperate in the collection of treatment details and records so that we may both have them in advance of trial. The defendant would certainly agree to a reasonable protective order concerning records in these circumstances. Please let me know if you anticipate a

problem in producing this discovery so that I may try to address with Judge Woodlock before I leave on vacation July 6, 2005.

**4.   Law Enforcement Credibility**

This letter is to reiterate by previous oral request, made under the doctrine of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Bagley, 473 U.S. 667 (1985), United States v. Henthorn, 931 F.2d 29, 32 (9th Cir. 1991), and Fed. R. Crim. P. 16, for the personnel files maintained by the Boston Police Departments on any officers called at the motion to suppress hearing or to be called at trial, to the extent they contain information including, but not limited to, whether any of the officers has been the subject of a disciplinary action, investigation, or complaint, or of a criminal investigation or prosecution, for conduct involving false statement, perjury, dishonesty, misconduct, incompetence, obstruction of justice, receipt of gratuities, violation of rights of a criminal suspect or defendant, adverse finding of credibility, or any actions taken in connection with this case.  You have thus far told me that no such information exists.

Please feel free to contact me with any questions you may have.

Sincerely,


/s/ Timothy G. Watkins
Timothy G. Watkins